

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Oficina de Ética Gubernamental<br><br>Recurrido<br><br><br>v.<br><br><br>Francisco R. Zayas Seijo<br><br>Peticionario | Certiorari<br><br><br>2011 TSPR 151<br><br><br>183 DPR \_\_\_\_ |

Número del Caso: CC     - 2011 - 434

Fecha: 11 de octubre de 2011

Tribunal de Apelaciones:

     Región Judicial de San Juan     Panel II

Juez Ponente:
     Hon. José A. Morales Rodríguez

Abogada de la Parte Peticionaria:

     Lcda. Pilar Muñoz Nazario

Abogada de la Parte Recurrida:

     Lcda. Massiel Hernández Tolentino

Materia: Violación a los artículos 3.2(a) y (c) de la Ley de Ética Gubernamental y a los artículos 6(a)(1), (3) y 6 del Reglamento de Ética Gubernamental

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de co mpilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Oficina de Ética Gubernamental

    Recurrido

          v.               CC-2011-0434

Francisco R. Zayas Seijo

    Peticionario

RESOLUCIÓN

En San Juan, Puerto Rico, a 11 de octubre de 2011.

A la Solicitud de *certiorari* presentada por la parte peticionaria Francisco R. Zayas Seijo, no ha lugar. <u>Flores Concepción v. Taíno Motors</u>, 168 D.P.R. 504 (2006).

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal Supremo. La Jueza Asociada señora Fiol Matta expediría. La Juez Asociada señora Rodríguez Rodríguez emitió voto particular disidente. El Juez Presidente señor Hernández Denton y el Juez Asociado señor Estrella Martínez no intervinieron.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Oficina de Ética Gubernamental<br><br>Querellante-Recurrido<br><br>v.<br><br>Francisco R. Zayas Seijo<br><br>Querellado-Recurrente | CC-2011-0434 |

Voto particular disidente emitido por la Juez Asociada señora Rodríguez Rodríguez.

San Juan, Puerto Rico, a 11 de octubre de 2011

Por las razones que a continuación exponemos, entendemos que la mayoría se ha equivocado al denegar la expedición del presente recurso. El recurso de epígrafe plantea una cuestión de derecho que somos de la opinión debe ser resuelta por este Tribunal.

El peticionario presentó una solicitud de reconsideración ante la Oficina de Ética Gubernamental dentro del término de veinte (20) días que la Ley de Procedimiento Administrativo Uniforme dispone para ello. 3 L.P.R.A. 2165. Sin embargo, pasados los quince (15) días que la misma ley establece para ser resuelta una solicitud de reconsideración, la Oficina de Ética Gubernamental nada hizo. El día número veinticuatro (24), y dentro del término de treinta (30) días que el peticionario tenía para presentar un recurso de revisión administrativa ante el Tribunal de Apelaciones, la Oficina de Ética Gubernamental

denegó la solicitud de reconsideración **en una extensa resolución**:

RESOLUCION EN RECONSIDERACIÓN

La audiencia del caso de epígrafe se celebró el 17 de diciembre de 2010, fecha en que quedó sometido para su adjudicación final. El 4 de enero de 2011, la oficina de Ética Gubernamental de Puerto Rico (OEG) emitió la correspondiente Resolución, mediante la cual impuso al querellado, Sr. Francisco R. Zayas Seijo, una multa administrativa de $3,500. Esto, por incurrir en violaciones a los artículos 3.2 (a) de la Ley de Ética Gubernamental y al a los artículos 6(A)(1) y (3) del Reglamento de Ética Gubernamental. El archivo en autos de copia de dicha Resolución se llevó a cabo el 11 de enero de 2011.

El 31 de enero de 2011, la parte querellada presentó una MOCION DE RECONSIDERACION, en la que solicita la desestimación de la querella. En su escrito señala que la OEG cometió los siguientes errores:

(1) Concluir que el querellado violó el artículo 3.2(a) de la Ley de Ética Gubernamental, citada, por haber desacatado el artículo XIV (e) y el artículo XV (e) de la Ordenanza número 99, Serie 2004-2005, "Reglamento de gastos de viajes, dietas, gastos de representación y uso de tarjetas de crédito del Municipio Autónomo de Ponce" (29 de abril de 2005).

(2) Concluir que el querellado infringió el artículo 6(A)(1) y (3) del Reglamento de Ética Gubernamental, citado, ya que el querellado no utilizó fondos públicos para un fin privado.

Ante estos argumentos, sostenemos lo resuelto en la Resolución emitida. Por lo tanto, se deniega la solicitud de reconsideración presentada.

De conformidad con la Ley de Procedimiento Administrativo Uniforme (L.P.A.U.), Ley Núm. 170 de 12 de agosto de 1988, según enmendada, la parte adversamente afectada por esta Resolución podrá acudir directamente al Tribunal de Apelaciones en revisión judicial, dentro del

término de treinta (30) días del archivo en auto de la resolución emitida. La notificación del recurso de revisión deberá efectuarse conforme a lo dispuesto en el Art. 35 de las Reglas de Procedimiento para Vistas Adjudicativas de la OEG, Núm. 4749, aprobadas el 5 de agosto de 1992, la sección 4.2 de la L.P.A.U., 3 L.P.R.A. § 2172, y la Regla 13 (B) del Reglamento del Tribunal de Apelaciones.

REGISTRESE Y NOTIFIQUESE.

En San Juan, Puerto Rico, a 24 de febrero de 2011.

(fdo.) Lcda. Ana T. Ramírez Padilla
Subdirectora Ejecutiva

Somos del criterio, a diferencia de la mayoría, que la Resolución en Reconsideración emitida por la Oficina de Ética Gubernamental el 24 de febrero de 2011 no constituyó una denegatoria de plano. Esto toda vez que no sólo se hizo un resumen de la querella de la cual se solicitaba reconsideración sino que también se atendieron los señalamientos de error y se advirtió al peticionario sobre su derecho a acudir directamente al Tribunal de Apelaciones en revisión judicial, dentro del término de treinta (30) días del archivo en autos de la resolución. En este sentido, es claro que tuvo el efecto de interrumpir el término para acudir en revisión al Tribunal de Apelaciones.

El profesor Javier Echevarría Díaz citando a este Tribunal ha señalado que ". . . todos los organismos administrativos poseen la facultad inherente para reconsiderar sus órdenes y decisiones en cualquier momento siempre que ejerzan esa acción antes que pierda jurisdicción sobre el caso". Javier Echevarría Díaz, Derecho Administrativo Puertorriqueño 212 (2010) citando a

*Kelly Temporary Services v. F.S.E.*, 142 D.P.R. 290 (1997). De igual manera hemos determinado que ". . . D.A.Co. podía actuar sobre una moción de reconsideración fuera del término de 15 días dispuesto por esta sección, siempre y cuando no haya transcurrido el término para acudir en revisión de apelación". *Flores Concepción v. Taíno Motors*, 168 D.P.R. 504 (2006).

De los autos se desprende que la Oficina de Ética Gubernamental no había perdido jurisdicción al momento de emitir la Resolución de Reconsideración del 24 de febrero de 2011. También se desprende que dicha Resolución de Reconsideración no fue denegada de plano por lo cual tuvo el efecto de interrumpir el término para recurrir en revisión ante el Tribunal de Apelaciones.

Por las razones antes expuestas, disentimos de la mayoría y expediríamos el recurso presentado.


                                        Anabelle Rodríguez Rodríguez
                                                Juez Asociada